**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LAWRENCE WILLIAMS, | No. 25-cv-16215 (MEF)(LDW) |
| *Plaintiff*, | |
| v. | **OPINION & ORDER** |
| UNSPECIFIED DEFENDANTS, | |
| *Defendants*. | |

The Plaintiff, a county inmate, is proceeding pro se with a Complaint pursuant to 42 U.S.C. § 1983.[1]  See Complaint at 2-3 (ECF docket entry 1).  This case is subject to screening by the Court.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a); 42 U.S.C. § 1997e.

A court must dismiss any claim that fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).  To decide, the Court applies the same standard of review as on a motion to dismiss.  See Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012).  Additionally, to avoid dismissal, a complaint must "meet the pleading requirements" of Rule 8(a).  See Wright v. United States, No. 22-1164, 2023 WL 4540469, at *1 (3d Cir. July 14, 2023); Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir. 2011). Under Rule 8(a)(2), a complaint must include: "a short and plain statement of the claim showing that the pleader is entitled to relief."

As to plainness, a court must liberally construe the pleading and ask whether it "identifies discrete defendants and [their] actions taken . . . in regard to the plaintiff's claims."

---

[1]  The Complaint appears to have been prepared without assistance from a lawyer.  Therefore, it must be "construed liberally." Durham v. Kelley, 82 F.4th 217, 223 (3d Cir. 2023).

Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (cleaned up).  A pleading is not plain if it is "so vague or ambiguous that a defendant cannot reasonably be expected to respond to it."  See id. (cleaned up); Tillio, 441 F. App'x at 110.  Rather, it must give a defendant "fair notice of what the claim is and the grounds upon which it rests."  Afzal v. New Jersey Bd. of Med. Examiners, No. 22-1609, 2022 WL 4533826, at *2 (3d Cir. Sept. 28, 2022) (quoting Garrett, 938 F.3d at 92).

Here, the Complaint alleges that medical professionals committed certain acts, but it does not identify the Defendants in a meaningful way.  See Complaint at 4-6.  It does not, for example, provide names or descriptions of the Defendants, or clearly identify the conduct of each person.  See id.

While a plaintiff may sue john doe defendants "in certain situations," he must still separate the defendants, provide some identifying information, and describe the conduct of each defendant.  See, e.g., Garrett, 938 F.3d at 93; Blakeslee v. Clinton Cnty., 336 F. App'x 248, 250 (3d Cir. 2009); Jones v. United States, No. 25-1650, 2025 WL 1667358, at *3 (E.D. Pa. June 12, 2025)(citing cases); cf. Wright, 2023 WL 4540469, at *2 (defendants should not be "left to guess the specific factual nature and . . . legal basis of [the] claims against them").

Accordingly, the Complaint fails to comply with Rule 8(a)(2) and is dismissed without prejudice.  See Garrett, 938 F.3d at 93.

*    *    *

The Plaintiff shall have thirty days to file an amended complaint that cures the deficiencies discussed above.  E.g., Gardenhire v. Fishman, 782 F. App'x 166, 167-68 (3d Cir. 2019) (courts must generally give leave to amend after a Rule 8(a)(2) dismissal).  Failure to do so may result in the dismissal of this matter with prejudice.

The Clerk of the Court is directed to close the case and mail a copy of this Opinion and Order to the Plaintiff by regular mail.

IT IS on this 26th day of May, 2026, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

2